**Order entered July 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00702-CV

## H. ROBERT ROSE, ET AL., Appellants

## V.

## NICHOLAS BONVINO, ET AL., Appellees

### On Appeal from the 199th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 199-2450-06

## ORDER
Before Chief Justice Wright and Justices Lang-Miers and Brown

Before the Court is the motion of H. Robert and Gaynell Rose to reduce the amount of the supersedeas bond. This case involves an ongoing dispute concerning a fence on the Roses' property. In 2007, the trial court ordered the Roses to reduce the height of a portion of their fence in compliance with a restrictive covenant. The Roses removed the fence. Several years later, they erected a new fence. Because the new fence exceeded the permissive height of six feet, Nicholas and Doris Bonvino moved to enforce the judgment. On May 9, 2014, the trial court granted the Bonvinos' motion and ordered the Roses to remove the fence within thirty days. The trial court did not award any damages for loss of view.

The Roses asked the trial court to set a supersedeas bond in the amount of $1,200, the cost to remove the fence. The Bonvinos asked the trial court to set the supersedeas bond at $125,000. After conducting a hearing, the trial court set the bond at $125,000. The Roses have asked this Court to review the trial court's order. We stayed enforcement of the trial court's May 9, 2014 order pending our review of the supersedeas bond.

When a judgment is for something other than money or an interest in real property, the security must adequately protect the judgment creditor against loss or damage that the appeal might cause. TEX. R. APP. P. 24.2(a)(3). We review a trial court's determination of the amount of security for an abuse of discretion. *See G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.).

The Bonvinos contend that, while the appeal is pending, they are losing their view blocked by the portion of the fence that exceeds six feet. Mr. Bonvino testified that $125,000 would compensate his family for their loss of view. The trial court, however, did not award any damages for loss of view.

We conclude the trial court abused its discretion in setting the bond at $125,000. The only other amount in evidence was $1,200, the cost to remove the fence. Mr. Rose testified that the purpose of the proposed $1,200 bond was to compensate Mr. Bonvino in the event the Roses lose their appeal.

We reverse the trial court's order setting the supersedeas bond at $125,000. We **ORDER** the supersedeas bond be set in the amount of $1,200 and payable in accordance with the conditions set forth in rule of appellate procedure 24.1(b)-(d). *See* TEX. R. APP. P. 24.1(b)-(d).

/s/     ADA BROWN
         JUSTICE